GLAUBER v. H. MUELLER MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. January Session, 1909.)

No. 1471.

PATENTS ☞312(3)—SUITS FOR INFRINGEMENT—EVIDENCE—EXPERIMENTS BEFORE THE COURT.

In experiments before the court with mechanical devices involved in an infringement suit, much depends on the adjustments for the moment, and such tests have little weight upon the question whether in actual use the devices would or would not operate successfully.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 548, 549.]

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

On petition for rehearing. Denied.

For former opinion, see 95 C. C. A. 108, 169 Fed. 110.

W. Clyde Jones and Charles C. Linthicum, both of Chicago, Ill., for appellant.

Albert H. Adams, of Chicago, Ill., for appellee.

PER CURIAM. Complaint is made that, upon the oral argument of this cause in this court, appellant's counsel, to support his statement that the Craigie patent, No. 216,661, would not, and could not, prevent hammering, produced and operated a faucet, said to contain a valve like the Craigie valve, that in its operation before the court produced hammering; that the faucet thus operated was not an exhibit in the cause, and had never been seen by appellee or his counsel; that its production, and the result of such operation, was a great surprise to them; and that either by the faulty construction of said faucet, or by its manipulation, the court was misled and deceived, as would be shown if upon a rehearing petitioner was given an opportunity to exhibit and operate a valve that is an exact and perfect reproduction of the valve of the Craigie patent. There is no point made in the petition other than what has been already fully considered. This point is the only one that arrests the court's attention.

The difficulty about this point, as a sufficient reason for rehearing, is that, though the exhibition asked for were made in accordance with the promise of the petitioner, the decree entered would be unaffected thereby, for the Glauber patent would be none the less patentable upon the reasons stated in the opinion, simply because the Craigie patent might be operated on exhibition to prevent hammering. Indeed, the court is not without knowledge that in exhibitions of this kind much depends upon the adjustments for the moment, that would have little weight upon the question whether, in practice, the device would or would not produce hammering. The probability is that there are circumstances in which the Glauber valve is not without hammering. The most, therefore, that a successful exhibition of the Craigie patent would do, in the way of affecting what the court has already done, might be to slightly modify the language of the opinion, for the practical success of the Glauber patent, its acceptance by the market, and appellee's choice to follow it rather than the Craigie patent, are all practical proofs, better than mere exhibitions, that in the matter of the prevention of hammering it must be decidedly superior to the Craigie valve—considerations that should lead us to resolve whatever doubts we have on the subject in favor of the validity of the Glauber patent.

The petition for rehearing is overruled.